UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH HUEBNER,<br><br>          Plaintiff,<br><br>     v.<br><br>AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSRUANCE COMPANY F/K/A IDS PROPERTY CASUALTY INSURANCE COMPANY, a foreign insurer licensed to do business in the State of Washington,<br><br>          Defendant. | No. C22-0882-RSL<br><br>**SECOND AMENDED COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF CONSUMER PROTECTION ACT, BAD FAITH, NEGLIGENCE, AND FOR DAMAGES UNDER THE INSURANCE FAIR CONDUCT ACT (RCW 48.30)** |

COMES NOW the Plaintiff, Elizabeth Huebner, by and through her attorney, Scott Shawver, of GLP ATTORNEYS, P.S., INC., and complains and alleges against the above-named Defendant as follows:

## I. **PARTIES**

1.1      Plaintiff, Elizabeth Huebner, is a resident of Seattle, King County, Washington, and resided in Seattle, King County, Washington, at all times relevant and material to this Complaint.

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WASHINGTON 98121
(206) 448-1992
FACSIMILE (206) 448-4640

1

2
1.2    Defendant, American Family Connect Property and Casualty Insurance

3
Company f/k/a IDS Property Casualty Insurance Company ("American Family Connect"), on

4
information and belief, was a foreign insurer, doing business in King County, Washington,

5
and is believed to have done business in King County, Washington, at all times relevant and

6
material to this Complaint.

7
## II.  JURISDICTION AND VENUE

8
2.1    Plaintiff was at all times relevant and material to this Complaint a resident of

9
Seattle, King County, Washington.

10
2.2    Defendant is, on information and belief, a foreign insurer doing business in

11
King County, Washington.

12
2.3    The motor vehicle collision that is the subject of this litigation occurred in

13
Seattle, King County, Washington.

14
2.4    This Court has subject matter jurisdiction over this action based on diversity of

15
citizenship and because the amount in controversy exceeds $75,000.00, pursuant to 28 U.S.C.

16
§ 1332.

17
2.5    Venue is property in this District, pursuant to 28 U.S.C. § 1391(d).  Venue is

18
proper in United States District Court, Western District of Washington.

19
2.6    Plaintiff served Notice to Defendant of her intent to bring action against

20
Defendant pursuant to the Insurance Fair Conduct Act (IFCA) on or about July 28, 2020 and

21
also on June 2, 2022, and more than twenty (20) days has elapsed since Plaintiff served her

22
notices on Defendant. Defendant failed to resolve the basis for the complaint within the

23
allowed twenty days after each notice.

24

25

26
**SECOND AMENDED COMPLAINT**
**FOR BREACH OF CONTRACT, VIOLATION OF**
**CONSUMER PROTECTION ACT, BAD FAITH,**
**NEGLIGENCE, AND FOR DAMAGES UNDER THE**
**INSURANCE FAIR CONDUCT ACT (RCW 48.30) - 2**

**GLP ATTORNEYS, P.S., INC.**
**ATTORNEYS AT LAW**
**2601 FOURTH AVENUE, FLOOR 6**
**SEATTLE, WASHINGTON 98121**
**(206) 448-1992**
**FACSIMILE (206) 448-4640**

1

2    2.7    Defendant did not resolve the basis for the IFCA complaint within the twenty

3    days provided by RCW 48.30.015.

4                                    **III. FACTS**

5    3.1    Date:  Plaintiff's injuries arise out of an automobile collision with an under-

6    insured motorist that occurred on **March 5, 2014**.

7    3.2    Location:  The collision occurred on 8th Avenue NW, in Seattle, King County,

8    Washington, on **March 5, 2014**.

9    3.3    Details:

10    a)  On **March 5, 2014**, Plaintiff entered the intersection of 8th Avenue NW and

11        NW 95th Street.

12    b)  As Plaintiff had the right of way, driver David Livingstone ran a stop sign

13        and struck into Ms. Huebner's vehicle.

14    c)  Mr. Livingstone's conduct was negligent.

15    d)  As a result of the collision, Ms. Huebner sustained physical injuries and

16        damages.

17    e)  Plaintiff was injured in an automobile collision that occurred on **March 5,**

18        **2014**.

19    3.4    The at-fault driver of the other vehicle, David Livingstone, did not have liability

20    insurance at the time of the collision.

21    3.5    At the time of the collision, Plaintiff was insured by Defendant with auto policy

22    number **AI 01378482**. The policy provides, among other things, up to $250,000.00 for

23    uninsured motorist coverage bodily injury.

24    3.6    This policy made this promise:

25

26    SECOND AMENDED COMPLAINT                          GLP ATTORNEYS, P.S., INC.
      FOR BREACH OF CONTRACT, VIOLATION OF             ATTORNEYS AT LAW
      CONSUMER PROTECTION ACT, BAD FAITH,              2601 FOURTH AVENUE, FLOOR 6
      NEGLIGENCE, AND FOR DAMAGES UNDER THE            SEATTLE, WASHINGTON 98121
      INSURANCE FAIR CONDUCT ACT (RCW 48.30) - 3       (206) 448-1992
                                                       FACSIMILE (206) 448-4640

1

2

3

4

5

6

7

8

9

10

11

12

## Part III - Underinsured Motorists Coverage

The insuring agreement provision is replaced by the following:

### Coverage C - Underinsured Motorists Coverage

We will pay compensatory damages which an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** due to:

1. **Bodily injury** sustained by that person and caused by an accident; and

2. **Property damage** caused by an accident if the declarations indicates that both **bodily injury** and **property damage** apply for Underinsured Motorists Coverage.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle**.

A deductible of $100 applies for property damage to **your insured car** as the result of an accident. But, if the accident involves a hit and run motor vehicle as described in the definition of **underinsured motor vehicle**, the deductible shall be $300.

13

14

    3.7    The vehicle the uninsured driver David Livingstone was driving qualifies as an "underinsured motor vehicle" under the auto policy in effect on the date of the collision.

15

16

    3.8    Plaintiff presented demands to Defendant under her uninsured motorist (UM) policy with Defendant for bodily injury.

17

18

19

    3.9    These demands included documentation of injuries and treatment costs exceeding **$80,000.00** and included medical records discussing Plaintiff's injuries and chronic pain caused by the injuries received from the collision.

20

    3.10    These demands also included documentation of lost wages and income.

21

22

    3.11    After receiving a demand in February 2020, Defendant requested Plaintiff's medical records from before the collision.

23

    3.12    Plaintiff provided the requested records.

24

25

26

SECOND AMENDED COMPLAINT
FOR BREACH OF CONTRACT, VIOLATION OF
CONSUMER PROTECTION ACT, BAD FAITH,
NEGLIGENCE, AND FOR DAMAGES UNDER THE
INSURANCE FAIR CONDUCT ACT (RCW 48.30) - 4

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WASHINGTON 98121
(206) 448-1992
FACSIMILE (206) 448-4640

3.13    In response to the demand received in February 2020, Defendant offered to pay Plaintiff $50,000.00 to resolve Plaintiff's UIM claim.

3.14    Defendant later offered to pay $150,000.00 to resolve Plaintiff's UIM claim.

3.15    On or about July 28, 2020 and June 2, 2022, Plaintiff complied with the pre-suit notice requirement of RCW § 48.30.015(8)(a), providing Defendant written notice of the basis of her cause of action.

3.16    Defendant did not resolve the basis of Plaintiff's cause of action within the twenty days allowed by RCW § 48.30.015(8)(b).

## IV.    LIABILITY AND CAUSES OF ACTION

4.1    Claim Under UIM Contract of Insurance

a)    At all times relevant and material hereto, Defendant had in full force and effect under its automobile policy number **AI01378482**, which provided under-insured motorist coverage to Plaintiff.    Gg

b)    As a direct and proximate cause of the negligence and tortious conduct of Livingstone, Plaintiff sustained injuries to her head, legs and knees, hands and arms, neck, and back.

c)    As a direct and proximate cause of the negligence and tortious conduct of the under-insured driver, and subsequent personal injuries and medical treatment, Plaintiff made an under-insured motorist claim with Defendant.

d)    Defendant's contract with Plaintiff, policy number **AI01378482**, which was in full force and effect on **March 5, 2014**, provided under-insured motorist bodily injury coverage.

SECOND AMENDED COMPLAINT
FOR BREACH OF CONTRACT, VIOLATION OF
CONSUMER PROTECTION ACT, BAD FAITH,
NEGLIGENCE, AND FOR DAMAGES UNDER THE
INSURANCE FAIR CONDUCT ACT (RCW 48.30) - 5

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WASHINGTON 98121
(206) 448-1992
FACSIMILE (206) 448-4640

e)   Plaintiff is entitled to benefits under the under-insured motorist provisions of her policy with Defendant for the incident complained of.

f)   Livingstone's insurer, Safeco Insurance Company, did not contest liability and paid the limits of his liability policy.

g)   The under-insured motorist portion of Plaintiff's policy promised to pay "compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an underinsured motor vehicle."

h)   The driver of the vehicle which struck Plaintiff was an underinsured motor vehicle as defined in Plaintiff's policy of insurance.

i)   Defendant has not offered the full amount to which Plaintiff is legally entitled under her policy of insurance.

4.2   Violation of the Insurance Fair Conduct Act:

a)   Defendant's actions violated RCW § 48.30.010 by unreasonably denying payment of UIM benefits in violation of the Insurance Fair Conduct Act.

b)   Defendant did not conduct a reasonable investigation prior to denying Plaintiff's claim.

c)   Defendant did not give equal consideration to Plaintiff's interests prior to denying Plaintiff's claim.

d)   Due to Defendant's misconduct, Plaintiff is entitled to recover her actual damages sustained, together with the costs of the action, including reasonable attorney's fees and litigation costs.

SECOND AMENDED COMPLAINT
FOR BREACH OF CONTRACT, VIOLATION OF
CONSUMER PROTECTION ACT, BAD FAITH,
NEGLIGENCE, AND FOR DAMAGES UNDER THE
INSURANCE FAIR CONDUCT ACT (RCW 48.30) - 6

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WASHINGTON 98121
(206) 448-1992
FACSIMILE (206) 448-4640

4.3     <u>Violation of the Unfair Claims Settlement Act</u>:  Defendant's actions are in violation of the Unfair Settlement Practices Act as set forth in WAC § 284-30 et. seq., including requiring insurers to conduct a reasonable investigation prior to denying a claim, as well as in violation of its duty not to compel its own insured to initiate litigation to obtain payment of $250,000.00 in UIM policy benefits. Violation of the Unfair Claims Settlement Act constitutes a violation of the Insurance Fair Conduct Act (RCW § 48.03.015) and the Consumer Protection Act (RCE § 19.86).

4.4     <u>Breach of Contract</u>:  Defendant's actions are in violation of the express or implied terms and conditions of the insurance contract and/or reasonable expectations of its insured to the terms and conditions of the insurance policy.

4.5     <u>Violation of Consumer Protection Act</u>:  Defendant's actions are in violation of the Consumer Protection Act, RCW § 19.86:

     a)  Defendant's conduct constituted unfair and deceptive practices in trade or commerce.

     b)  Defendant's conduct violated claim handling regulations described at WAC § 284-30-330.

     c)  Defendant's conduct was a wrongful denial of contract benefits, and thus caused injury to Plaintiff's "business or property" in violation of RCW § 19.86.

4.6     <u>Breach of Common Law Good Faith Duty</u>: Defendant's actions are in violation of RCW 48.30.010 in its duty of good faith under RCW 48.01.030 requiring that all actions be actuated by good faith, to abstain from deception, and practice honesty and equity in all

SECOND AMENDED COMPLAINT
FOR BREACH OF CONTRACT, VIOLATION OF
CONSUMER PROTECTION ACT, BAD FAITH,
NEGLIGENCE, AND FOR DAMAGES UNDER THE
INSURANCE FAIR CONDUCT ACT (RCW 48.30) - 7

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WASHINGTON 98121
(206) 448-1992
FACSIMILE (206) 448-4640

matters related to the business of insurance.  Defendant unreasonably denied payment of amounts due under her policy.

4.7    <u>Negligence</u>:  Defendant was negligent and in violation of its duty to exercise reasonable care toward Plaintiff.

4.8    <u>Proximate Cause</u>: As a direct and proximate cause of Defendant's breach of their duties, Plaintiff was forced to file suit against Defendant to receive the full amount of her available UIM insurance coverage.

## V. <u>DAMAGES</u>

5.1    As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered physical injuries and Plaintiff is entitled to fair and reasonable compensation.

5.2    As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred and may continue to incur medical expenses and other out-of-pocket expenses, and Plaintiff is entitled to fair and reasonable compensation.

5.3    As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered and may continue to suffer physical pain and suffering, and Plaintiff is entitled to fair and reasonable compensation.

5.4    As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered mental and emotional distress, loss of enjoyment of life, past and future disability, permanency of injury, and Plaintiff is entitled to fair and reasonable compensation.

5.5    As a direct and proximate result of the negligence alleged herein, Plaintiff has sustained past wage loss and loss of future earning capacity.

As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred additional attorney fees.

SECOND AMENDED COMPLAINT
FOR BREACH OF CONTRACT, VIOLATION OF
CONSUMER PROTECTION ACT, BAD FAITH,
NEGLIGENCE, AND FOR DAMAGES UNDER THE
INSURANCE FAIR CONDUCT ACT (RCW 48.30) - 8

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WASHINGTON 98121
(206) 448-1992
FACSIMILE (206) 448-4640

1

2    5.6    Plaintiff is entitled to reasonable attorney's fees incurred in the prosecution of

3  this action as authorized by the Insurance Fair Conduct Act and Consumer Protection Act.

4    5.7    Plaintiff is entitled to costs and disbursements herein incurred in the prosecution

5  of this action and as authorized by the Insurance Fair Conduct Act and Consumer Protection

6  Act.

7    5.8    Plaintiff is entitled to enhanced actual damages under the Insurance Fair

8  Conduct Act and the Consumer Protection Act.

9    5.9    Plaintiff is entitled to prejudgment interest on all medical and other out-of-

10  pocket expenses directly and proximately caused by the negligence alleged in this Complaint.

11  ## VI. <u>WAIVER OF PHYSICIAN/PATIENT PRIVILEGE</u>

12    6.1    Plaintiff asserts the physician/patient privilege for 88 days following the filing

13  of this Complaint.  On the 89th day following the filing of this Complaint, the Plaintiff hereby

14  waives the physician/patient privilege.

15    6.2    The waiver is conditioned and limited as follows:  (1) The Plaintiff does not

16  waive her constitutional right of privacy; (2) the Plaintiff does not authorize contact with any

17  of her health care providers except by judicial proceeding authorized by the Rules of Civil

18  Procedure; (3) Defendant representatives are specifically instructed not to attempt ex parte

19  contacts with Plaintiff's health care providers; and (4) Defendant's representatives are

20  specifically instructed not to write letters to Plaintiff's health care providers telling them that

21  they may mail copies of records to the Defendant.

22    In the case of *Loudon v. Mhyre*, 110 Wn.2d 676, 756 P.2d 138 (1988), the Supreme

23  Court dealt very simply with the issue of ex parte contact with the Plaintiff's physicians:

24    The issue presented is whether defense counsel in a personal injury action
     may communicate ex parte with the Plaintiff's treating physicians when the

25

26  **SECOND AMENDED COMPLAINT**
**FOR BREACH OF CONTRACT, VIOLATION OF**
**CONSUMER PROTECTION ACT, BAD FAITH,**
**NEGLIGENCE, AND FOR DAMAGES UNDER THE**
**INSURANCE FAIR CONDUCT ACT (RCW 48.30) - 9**

**GLP ATTORNEYS, P.S., INC.**
**ATTORNEYS AT LAW**
**2601 FOURTH AVENUE, FLOOR 6**
**SEATTLE, WASHINGTON 98121**
**(206) 448-1992**
**FACSIMILE (206) 448-4640**

Plaintiff has waived the physician/patient privilege.  We hold that defense counsel may not engage in ex parte contact, but is limited to the formal discovery methods provided by court rule.

*Loudon*, at 675-676.

Wherefore, Plaintiff prays for judgment against Defendant, and prays for relief as follows:

## VII.  RELIEF SOUGHT AGAINST DEFEDANT

7.1    For judgment against Defendant regarding the scope of remedies available to Plaintiff, his contract rights under the policy of UIM coverage, as well as the scope of the statutory obligations imposed upon both parties by statute;

7.2    For UIM policy limits benefits under Plaintiff's policy with Defendant;

7.3    For treble damages against Defendant for bad faith and violation of the Insurance Fair Conduct Act and the Consumer Protection Act;

7.4    Judgment on all special damages stemming from the foregoing allegations;

7.5    Judgment on all general damages stemming from the foregoing allegations;

7.6    For reasonable hourly attorney fees, costs of experts, and costs of suit; and

7.7    For such other and further relief as the court deems just, equitable and proper for Plaintiff at the time of trial.

SECOND AMENDED COMPLAINT
FOR BREACH OF CONTRACT, VIOLATION OF
CONSUMER PROTECTION ACT, BAD FAITH,
NEGLIGENCE, AND FOR DAMAGES UNDER THE
INSURANCE FAIR CONDUCT ACT (RCW 48.30) - 10

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WASHINGTON 98121
(206) 448-1992
FACSIMILE (206) 448-4640

1

2

## VIII.    JURY DEMAND

3

4      8.1      Plaintiffs demand a trial by a jury.

5

6      DATED this 12th day of October, 2022.

7

8                        GLP ATTORNEYS, P.S., INC.

9

10

11                       _____
                         Scott Shawver, WSBA #24048
                         Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SECOND AMENDED COMPLAINT
FOR BREACH OF CONTRACT, VIOLATION OF
CONSUMER PROTECTION ACT, BAD FAITH,
NEGLIGENCE, AND FOR DAMAGES UNDER THE
INSURANCE FAIR CONDUCT ACT (RCW 48.30) - 11

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WASHINGTON 98121
(206) 448-1992
FACSIMILE (206) 448-4640

## CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on the **12th day of October 2022**, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following: I promptly caused a copy of the foregoing to be delivered upon counsel for the Defendant by means of the Court's electronic filing system and e-mail.

| | |
|---|---|
| Rory W. Leid, WSBA # 25075<br>Dylan R. Knapp, WSBA # 58394<br>Wathen Leid Hall & Rider, P.C.<br>222 Etruria Street<br>Seattle, WA 98121<br>rleid@cwlhlaw.com<br>dknapp@cwlhlaw.com<br>*Attorney for Defendants* | [ ]  U.S. Postal Service (First Class)<br>[ ]  Facsimile to:<br>[ ]  U.S. Postal Service Express Mail<br>[ ]  Hand Delivery<br>[ ]  Via Legal Messenger<br>[X]  E-Service<br>[X]  E-Filed<br>[X]  E-Mailed |
| G. Lee Raaen<br>Attorney at Law<br>3301 Burke Ave. N. # 340<br>Seattle, WA 98103<br>Phone: 206 682-9580<br>lee@lraaen.com<br>*courtesy copy* | [ ]  U.S. Postal Service (First Class)<br>[ ]  Facsimile to:<br>[ ]  U.S. Postal Service Express Mail<br>[ ]  Hand Delivery<br>[ ]  Via Legal Messenger<br>[X]  E-Service<br>[X]  E-Filed<br>[X]  E-Mailed |

DATED this 12th day of October, 2022


  /s/ Danielle Menillo
Danielle Menillo,
Paralegal to Scott Shawver
GLP Attorneys, P.S., Inc.

SECOND AMENDED COMPLAINT
FOR BREACH OF CONTRACT, VIOLATION OF
CONSUMER PROTECTION ACT, BAD FAITH,
NEGLIGENCE, AND FOR DAMAGES UNDER THE
INSURANCE FAIR CONDUCT ACT (RCW 48.30) - 12

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WASHINGTON 98121
(206) 448-1992
FACSIMILE (206) 448-4640