UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH HUEBNER,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSRUANCE COMPANY F/K/A IDS PROPERTY CASUALTY INSURANCE COMPANY, a foreign insurer licensed to do business in the State of Washington,<br><br>    Defendant. | No. C22-0882-RSL<br><br>**PLAINTIFF'S DISCLOSURE OF EXPERT WITNESSES PURSUANT TO FCRP 26(a)(2)** |

Pursuant to the Court's Scheduling Order, Plaintiff Elizabeth Huebner provides her Initial Expert Identification pursuant to FRCP 26(a)(2). Plaintiff identifies the following expert witnesses:

## I.    <u>EXPERTS</u>

1.    Mary Owen, Esquire
      3023 18th Avenue Court NW
      Gig Harbor, WA 98335
      (206) 414-8593

**GLP ATTORNEYS, P.S., INC.**<br>**ATTORNEYS AT LAW**<br>**2601 FOURTH AVENUE, FLOOR 6**<br>**SEATTLE, WASHINGTON 98121**<br>**(206) 448-1992**<br>**FACSIMILE (206) 448-4640**

Ms. Owen is Plaintiff's insurance expert. She will testify that Defendant America Family Connect Property and Casualty Insurance Company f/k/a IDS Property Casualty Insurance Company failed to meet its own insurance standards as well as the minimum insurance industry standards and failed to give equal consideration to the insured's interests in the handling of this claim. She will further testify that Defendant America Family Connect Property and Casualty Insurance Company f/k/a IDS Property Casualty Insurance Company failed to conduct a timely investigation, failed to conduct an adequate, even-handed evaluation, failed to extend an offer that includes all recoverable damages and forced their insured to submit to litigation to receive owed policy proceeds.

***NOTE: Mary Owen has based her report on the discovery provided by Defendant America Family Connect Property and Casualty Insurance Company f/k/a IDS Property Casualty Insurance Company to date. Discovery is continuing and after reviewing any additional documents, her opinions may change and a supplemental addendum report may be disclosed pursuant to Rule 26(e).***

This expert will base her testimony on her assessment of the evidence, interrogatory responses, deposition testimony, inspection of the evidence, and any other documentation this expert feels is pertinent to her evaluation, as well as her training, knowledge, and experience in this field. This expert may use exhibits at trial including any reports generated and any other exhibits deemed necessary to convey his findings. Mary Owen is anticipated to testify consistent with her report. A true and correct copy of Mary Owen's Report, along with her CV, and list of prior expert testimony is attached hereto as **Exhibit "A".**

**PLAINTIFF'S DISCLOSURE OF EXPERT WITNESSES PURSUANT TO FCRP 26(a)(2)** - 2

**GLP ATTORNEYS, P.S., INC.**
**ATTORNEYS AT LAW**
**2601 FOURTH AVENUE, FLOOR 6**
**SEATTLE, WASHINGTON 98121**
**(206) 448-1992**
**FACSIMILE (206) 448-4640**

1.    Erick C. West, M.A.
      10220 N. Nevada St., Suite 110
      Spokane, WA 99218

Mr. West is an economist who will be called as an expert to opine about the economic losses that Plaintiff has and will continue suffer as a direct result of the injuries she sustained in the motor vehicle collision of March 5, 2014.  He will testify that Plaintiff has a wage loss/loss of earning capacity and asset loss claim due to the injuries she sustained in the incident at issue in this lawsuit.

**NOTE: Erick West has based his report on the discovery provided by Defendant America Family Connect Property and Casualty Insurance Company f/k/a IDS Property Casualty Insurance Company to date. Discovery is continuing and after reviewing any additional documents, his opinions may change and a supplemental addendum report may be disclosed pursuant to Rule 26(e).**

This expert will base his testimony on his assessment of the evidence, interrogatory responses, deposition testimony, inspection of the evidence, and any other documentation this expert feels is pertinent to his evaluation, as well as his training, knowledge, and experience in this field.  This expert may use exhibits at trial including any reports generated and any other exhibits deemed necessary to convey his findings. Erick West is anticipated to testify consistent with his report. A true and correct copy of Erick West's Report, along with his CV, and list of prior expert testimony is attached hereto as **Exhibit "B".**

## II.    <u>HEALTH CARE WITNESSES</u>

Plaintiff's health care providers will be called as experts.  The following health care practitioners have rendered or participated in Plaintiff's treatment and may testify at trial. The following health care providers will testify regarding history, mechanism of injury, diagnosis, prognosis, that the event in question caused the injuries, past and future medical

PLAINTIFF'S DISCLOSURE OF EXPERT
WITNESSES PURSUANT TO FCRP 26(a)(2) - 3

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WASHINGTON 98121
(206) 448-1992
FACSIMILE (206) 448-4640

treatment, that the medical bills are 100% reasonable and necessary, medical disability, the effect the injuries have had on Plaintiff's day-to-day life, observations regarding Plaintiff's pain, suffering, and discomfort and such other testimony as deemed relevant by the trial judge.  They will testify consistent with the reports created by providers themselves or their clinics related to the care provided to Plaintiff.

1. Dr. William Caradonna
   315 1st Ave W
   Seattle, WA 98119

2. Martha Glisky, Ph.D
   1621 114th Ave SE, Ste. 122
   Bellevue, WA 98004

3. Heather Kroll, M.D., Randy Hermans, PT, Barbara Mierzwa, OT-R
   Rehabilitation Institute of Washington
   415 1st Ave N.
   Seattle, WA 98109

4. Orli Shulein, SPLCFY, Joni Howard, Ph.D., Heather Kroll, M.D.
   Neuropsychology and Cognitive Health
   1621 114th Ave SE Ste. 122
   Bellevue, WA 98004

5. Christopher Wolff, D.C., Debbie Belien, D.C.
   Vitality Specific Chiropractic
   5211 20th Ave NW, C
   Seattle, WA 98107

6. William Burkhart, Ph.D.
   20056 19th Ave NE
   Shoreline, WA 98155

7. Kaiser Permanente (f.k.a. Group Health)
   125 16th Ave. E.
   Seattle, WA 98112

   Gilbert Ponce, PA-C, Timothy Scearce, M.D. (neurology), Joseph Jereczek, PT, Neil

PLAINTIFF'S DISCLOSURE OF EXPERT
WITNESSES PURSUANT TO FCRP 26(a)(2) - 4

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WASHINGTON 98121
(206) 448-1992
FACSIMILE (206) 448-4640

Penwell, OT, Paula Stuart, M.D. (radiology), Gary Kegel, M.D., (ortho), Wende Wood, M.D. (internal medicine), Sean Amann, M.D. (ortho), Andrew Neubauer, PA-C (ortho), Arthur Resnick, M.D. (urgent care), Daniel Lipson, PA-C,

8.  Alexa Dobbs, PT, Jonathan Younger, PT
    UW Sports Medicine Clinic
    10330 Meridian Ave. N.
    Seattle, WA 98133

9.  American Medical Response
    50 S. Main Street, Suite 401
    Akron, OH 44308

10. Pacific Medical Center
    1200 12th Avenue South
    Seattle, WA 98114

Dated this 5TH day of April, 2023.

GLP ATTORNEYS, P.S., INC.

_____
Scott Shawver, WSBA #24048
Attorneys for Plaintiff

PLAINTIFF'S DISCLOSURE OF EXPERT
WITNESSES PURSUANT TO FCRP 26(a)(2) - 5

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WASHINGTON 98121
(206) 448-1992
FACSIMILE (206) 448-4640

1

## CERTIFICATE OF SERVICE

2

3      I hereby declare under the penalty of perjury under the laws of the State of Washington
that I have served a true and correct copy, except where noted, of the foregoing upon the
4      individual(s) listed by the following means:

5

| Rory W. Leid, WSBA # 25075 | [ ] | U.S. Postal Service (First Class) |
| Dylan R. Knapp, WSBA # 58394 | [ ] | Facsimile to: |
| Wathen Leid Hall & Rider, P.C. | [ ] | U.S. Postal Service Express Mail |
| 222 Etruria Street | [ ] | Hand Delivery |
| Seattle, WA 98121 | [ ] | Via Legal Messenger |
| rleid@cwlhlaw.com | [X] | E-Service |
| dknapp@cwlhlaw.com | [X] | E-Filed |
| *Attorney for Defendants* | [X] | E-Mailed |
| | | |
| G. Lee Raaen | [ ] | U.S. Postal Service (First Class) |
| Attorney at Law | [ ] | Facsimile to: |
| 3301 Burke Ave. N. # 340 | [ ] | U.S. Postal Service Express Mail |
| Seattle, WA 98103 | [ ] | Hand Delivery |
| Phone: 206 682-9580 | [ ] | Via Legal Messenger |
| lee@lraaen.com | [X] | E-Service |
| *courtesy copy* | [X] | E-Filed |
| | [X] | E-Mailed |

15

DATED this 5th day of April, 2023          /s/ Georgia Gullick
16                                             Georgia Gullick,
17                                             Paralegal to Scott Shawver
                                               GLP Attorneys, P.S., Inc.
18

19

20

21

22

23

24

25

26

**PLAINTIFF'S DISCLOSURE OF EXPERT**          **GLP ATTORNEYS, P.S., INC.**
**WITNESSES PURSUANT TO FCRP 26(a)(2)** - 6          **ATTORNEYS AT LAW**
                                                    **2601 FOURTH AVENUE, FLOOR 6**
                                                    **SEATTLE, WASHINGTON 98121**
                                                    **(206) 448-1992**
                                                    **FACSIMILE (206) 448-4640**

# EXHIBIT A



**Mary E. Owen Esq.**
*Consulting and Mediation Services*

3023 18th Ave Ct NW Gig Harbor, WA 98335
MaryOwenConsulting.com
(206) 414-8593

April 4, 2023

RE:   <u>Huebner v. American Family Connect Property and Casualty Insurance Company</u>
      **United States District Court – Western District of WA – 2:22-cv-00882-RSL**

      <u>DISCLOSURE AND OPINIONS OF MARY E. OWEN, ESQ.</u>

      QUALIFICATIONS OF MARY E. OWEN, ESQ.

I am a licensed, practicing Attorney in the state of Washington.  The focus of my practice has been in the area of Insurance Law for over 30 years.  Initially, I worked in the private sector, representing both insurance entities and their insureds for 15 years.  In that capacity, I worked with some of the largest carriers in the country.  Not only was I engaged in the representation of the clients, I also provided tutorials and seminars for the Claims Departments of the various carriers, in which I addressed Washington law, including governing WAC provisions, and current statutory and case law.  In addition, I assisted in the representation of corporate clients in employment discrimination cases and presented tutorials and seminars to clients to apprise them of the standards and laws governing general conduct in the workplace and employee rights.

The proper handling of property and liability claims has been a major focus of my practice.  I was involved in the initial evaluations(s) of numerous claims in which I assisted in determining coverage.  I advised the claims departments in the proper handling of cases pursuant to Washington law, and reviewed files in which bad faith was alleged to have occurred.  In 1997, I commenced my relationship with GEICO to act as the Managing Attorney for Washington and opened the first Staff Counsel Office in Washington, located in Seattle.  During my tenure in this position, GEICO grew from holding the 12th position for market shares in the country for underwriting automobile policies to 2nd place.  Our office became the largest GEICO staff counsel office on the West Coast.

As the company grew, I opened a second office in Tacoma in 2011.  In addition to personally handling hundreds of cases involving liability, damages and policy interpretation, I oversaw thousands of cases, while supervising the attorneys working in both the Seattle and Tacoma offices. I have been engaged in all aspects of case handling, from the initial referrals to litigating jury trials and Appellate review.

While managing the Washington staff counsel offices, I assisted the claims department in educating examiners and promoting the need for compliance with the mandates of Washington law, as well as other jurisdictions the claims examiners handled.  As new opinions were decided in state and federal courts throughout Washington, I would provide analysis and practical advice to the claims department for implementing best practices to assure compliance with the changing law governing

1

the insurance industry's claims handling procedures.

I have been asked to speak at numerous legal seminars and law schools in Eastern and Western Washington, regarding various topics of Insurance Law, including Bad Faith, Duty to Defend, UM/UIM claims, first and third party claims handling practices, unfair claims practices/IFCA, effective settlement negotiation tactics and trial techniques. I prepared materials for each seminar that I was a participant. The majority of the seminars for which I was a speaker were certified for continuing education for insurance claims professionals.

I have been designated as the sole arbitrator in numerous cases in various counties in Washington state. These arbitrations have addressed issues, including, but not limited to, catastrophic injury claims, contract disputes, real property boundary disputes, and insurance law cases.

I have been retained as an expert witness/consultant on behalf of the policy holder in approximately ninety percent of the cases in which I have served as an expert/witness consultant, and by the carrier in approximately ten percent of the cases in which I have been retained. In cases in which the defendant was an insurance company while I was actively in private practice, I represented the defendant ninety percent of the time, and the insured, ten percent of the time.

In 2018, I co-authored the update to Volume II of the WSAJ Auto Deskbook, Chapter 6: The Defense – Strategies & Tactics Utilized in Defending Plaintiff Personal Injury Claims.

I have consulted in numerous cases regarding Insurance and Employment Law. I have provided expert opinions in the following matters: YE v. STATE FARM INSURANCE COMPANY, UIM ARBITRATION; BARGE v. STATE FARM INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:16-cv-00249; E POLAK d/b/a VRP AUBURN v. THE CHARTER OAK FIRE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:15-cv-00253; JULIE LUTOVSKY v. TRAVELER'S HOME and MARINE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:15-cv-01847; OUNG ET AL. v. ALLSTATE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:16-cv-01200; TYLER v. USAA INSURANCE COMPANY, King County Superior Court Cause No. 15-2-018854-3; MOHOMED v. BOBMAN ET AL., Pierce County Superior Court Case No. 16-2-08639-5; SHEPARD v. USAA INSURANCE COMPANY, King County Superior Court Cause No. 16-2-07283-6; DECOOK v. PROGRESSIVE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 1:16-cv-00056; LOCK v. AMERICAN FAMILY INSURANCE COMPANY, King County Superior Court Cause No. 15-2-05573-9; VIGNOLA v. MUTUAL OF ENUMCLAW INSURANCE COMPANY, King County Superior Court Cause No. 16-2-21876-8; CRUM & FORSTER SPECIALTY INSURANCE COMPANY v. HARBOR PACIFIC CONTRACTORS, INC., et al., U. S. District Court, Western District of Washington, Case No. 3:17-cv-05112; EANW NORTHWEST PC v. SENTINEL INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:18-cv-01312; SMITH v. STEADFAST, King County Superior Court, Cause No. 17-2-32914-2 SEA; GUNZEL v. USAA, Franklin County Superior Court Case No. 18-2-50263-11; DANIEL v. GARRISON PROPERTY & CASUALTY INSURANCE

2

COMPANY, King County Superior Court, Cause No. 18-2-21495-5 KNT; BRUCE v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY ET AL., U.S. District Court, Western District of Washington, Case No. 2:2019-cv-00127; LOW v. SAFECO INSURANCE COMPANY OF ILLINOIS, King County Superior Court Cause No. 19-2-11608-1 SEA; AGERE ET AL. V. SHIFERAW and NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, Spokane County Superior Court Case No. 19-2-03579-32; MELDER RANCH, LLC ET AL. v. HYBRID HOMES v. MUTUAL OF ENUMCLAW, Lincoln County Superior Court Case No. 17-2-00092-3; BONTKOWSKI v. ALLSTATE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 3:18-cv-05790; BRAY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Pierce County Superior Court Case No. 19-2-04772-6; CAPPS v. ALLSTATE, Pierce County Superior Court Case No. 18-2-10664-3; 716 WEST FOURTH AVENUE LLC v. NAVIGATORS SPECIALTY INSURANCE COMPANY, Superior Court of Alaska, Third Judicial District at Anchorage, Case No. 3AN-15-9785; TACOMA SOUTH HOSPITALITY LLC v. NATIONAL GENERAL INSURANCE; Pierce County Superior Court, Cause No. 19-2-11573-0; YOHANES AND GEBREKIDAN v. JAMES RIVER INSURANCE COMPANY ET AL., U.S. District Court, Western District of Washington, Case No. 2:20-CV-00101; SMAGINA vs.USAA CASUALTY INSURANCE COMPANY, King County Superior Court Cause No. 19-2-31249-1 SEA; LACROIX vs. UNITED SERVICES AUTOMOBILE ASSOCIATION, King County Superior Court Cause No. 19-2-31104-5 SEA; BUEHLER v. BRANHAM AND FIRST NATIONAL INSURANCE COMPANY OF AMERICA ET AL., Spokane County Superior Court Case No. 19-2-05270-32; PEREZ v. AMERICAN FAMILY INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:20-cv-00849-RSM; HAMLIN v. GRANITE STATE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:19-cv-01179; KORTJE v. USAA, U.S. District Court, Western District of Washington, Case No. 2:20-cv-00873; PATIENCE AND BONN v. STATE FARM INSURANCE COMPANY, King County Superior Court Cause No. 21-2-03446-9 SEA; BROOKS v. USAA, U.S. District Court, Western District of Washington, Case No. 3:21−cv−05249; VALENCIA ET ANO vs USAA CASUALTY INSURANCE CO, King County Superior Court Cause No. 20-2-15039-8 SEA; DRYKE v. AMERICAN FAMILY INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 3:20-cv-05723; MONTGOMERY v. USAA, U.S. District Court, Eastern District of Washington, Case No. 2:20-cv-00264; COOPER v. FARMERS INSURACE COMPANY OF WASHINGTON, Snohomish County Superior Court Case No. 21-2-01138-31; BLEIFUSS v STROEVE, King County Superior Court Cause No. 18-2-54855-1; YOUNG v. THE STANDARD FIRE INSURANCE CO., U.S. District Court, Eastern District of Washington, Case No. 2:18-cv-00031; JOHNSON v. STATE FARM AUTOMOBILE INSURANCE COMPANY, Jefferson County Superior Court Case No. 20-2-00078-16; HUNT v. USAA GENERAL INDEMNITY COMPANY, U.S. District Court, Western District of Washington, Case No. 3:20-cv-05536; MELROSE v. FIRST NATIONAL INSURANCE COMPANY OF AMERICA, King County Superior Court Cause No. 20-2-15942-5; KILLINGER v. PROGRESSIVE INSURANCE COMPANY, Grant County Superior Court Case No. 21-2-00768-13; NOLAN v. NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 3:20-cv-06198; O'CONNOR v. JAMES RIVER INSURANCE COMPANY (Pre-litigation); BUEHLER v BRANHAM ET AL., Spokane County Superior Court Cause No. 19-2-05270-32; and JOHNSON

3

v. STATE FARM MUTUAL INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No 3:20-cv-05208.

I have been deposed regarding the following cases: E POLAK d/b/a VRP AUBURN v. THE CHARTER OAK FIRE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:15-cv-00253; JULIE LUTOVSKY v. TRAVELER'S HOME and MARINE INSURANCE COMPANY, U.S. District Court, Western District of Washington, No. 2:15-cv-01847; OUNG ET AL. v. ALLSTATE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:16-cv-01200; VIGNOLA v. MUTUAL OF ENUMCLAW INSURANCE COMPANY, King County Superior Court Cause No. 16-2-21876-8; LOW v. SAFECO INSURANCE COMPANY OF ILLINOIS, KCSC Cause No. 19-2-11608-1 SEA; CHOE ET AL. v. AAIC ET AL., U.S. District Court, Western District of Washington, Case No. 3:17-CV-05978; LOW V. SAFECO INSURANCE COMPANY OF ILLINOIS, King County Superior Court Cause No. 19-2-11608-1 SEA; JOHNSON v. STATE FARM MUTUAL INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No 3:20-cv-05208; MONTGOMERY v. USAA, U.S. District Court, Eastern District of Washington, Case No. 2:20-cv-00264; and AGERE v. SHIFERAW & NATIONWIDE, Spokane County Superior Court Cause No. 19-2-03579-32.

I have also provided trial testimony in LOCK v. AMERICAN FAMILY INSURANCE COMPANY, King County Superior Court Cause No. 15-2-05573-9; VIGNOLA v. MUTUAL OF ENUMCLAW INSURANCE COMPANY, King County Superior Court Cause No. 16-2-21876-8; YOUNG v. THE STANDARD FIRE INSURANCE CO., U.S. District Court, Eastern District of Washington, Case No. 2:18-cv-00031; JOHNSON v. STATE FARM AUTOMOBILE INSURANCE COMPANY, Jefferson County Superior Court Case No. 20-2-00078-16; and AGERE v. SHIFERAW & NATIONWIDE, Spokane County Superior Court Cause No. 19-2-03579-32.

## EXPERT FEES AND COSTS

My billing rate is $425.00 per hour. Court appearances and/or expert testimony will be billed at a rate of $550.00 per hour. Deposition and court testimony requires at least one week advance written notice and is subject to a two (2) hour minimum charge. Standby fees are billed as a two (2) hour minimum charge.

## OPINIONS

The opinions expressed in this report are based upon, and informed by, my review and analysis of the documentation provided, my direct and extensive knowledge of insurance claims handling, my experience in assisting and instructing upper level management of multiple insurers, my familiarity with insurance claims handling, customs and practices in the insurance industry, my training and education, and my knowledge of the regulatory standards imposed upon insurers in their handling of insurance claims in Washington and other states.

4

I am not purporting to render legal opinions or conclusions. I am listing relevant case law which the insurance industry expects claim personnel to know, as these holdings affect the way the claims must be handled. My opinions regarding the violations of insurance regulations are based upon the subjective and factual actions in this case.

It is my understanding that discovery in this matter continues. It is therefore possible that additional information will be provided for my review that may bear upon the opinions expressed herein. My further and additional review of materials and testimony in this matter could result in my supplementing, modifying and/or expanding my opinions and/or rebuttal replies, in these proceedings as may be appropriate.

## CASE MATERIALS REVIEWED

1)  Connect Claims File - redacted
2)  Correspondence between the parties
3)  UM/UIM demand with exhibits
4)  Police Report
5)  Photographs and damage estimates
6)  Medical records
7)  Independent/Defense Medical Evaluations
8)  Medical records and bills
9) Claims handling manuals and guidelines
10) Insurance Fair Conduct Act (IFCA) notice
11) Various pleadings
12) Various writings by Steven Strzelek, a recognized expert in the field of Insurance
       Regulations and claims handling.
13)  Report from West Economics Inc. Forensic Economics

## CASE BACKGROUND

I was retained by counsel for Elizabeth Huebner and was asked to review the facts and circumstances surrounding the conduct of American Family Connect Property and Casualty Insurance Company ("Connect") in its handling of claims arising out of a motor vehicle collision that occurred on March 5, 2014.  More particularly, I was also asked to provide my opinions as to whether Connect's handling of Ms. Huebner's claim was in accordance with generally recognized and accepted claims handling custom and practices in the insurance industry for the processing of similar claims, as well as the governing provisions of the WAC and other regulatory standards. Where appropriate, I have included significant case law which interprets the Washington Administrative Code (WAC), and statutory provisions governing the conduct of the claims handling relevant to this case.

## FACTUAL BACKGROUND

By way of background, this claim arises out of a motor vehicle collision that occurred on March

5, 2014, in Seattle, King County, Washington.  Connect's insured, Elizabeth Huebner, was driving a 1997 Toyota Corolla proceeding northbound on 8th Avenue NW.  The tortfeasor, David Livingstone, was driving a 2012 Hyundai Accent, proceeding westbound on NW 95th Street.  Per the Police Traffic Collision Report, Livingstone entered the intersection without stopping, causing a collision between the two vehicles.  Livingstone was cited for failure to yield the right-of-way.

When this incident occurred, Ms. Huebner was employed with Group Health Cooperative (now Kaiser Permanente) and was serving as an in-home hospice nurse.  That position required her to travel to the homes of the patients for whom she was providing care.  Because Ms. Huebner was working when this incident occurred, she was required to submit a claim through the Washington State Department of Labor & Industries.

Ms. Huebner was transported from the scene of the collision via ambulance and taken to Northwest Hospital for evaluation.  Huebner reported striking her forehead, and contemporaneous photographs depict facial bruising and "black eyes."  Huebner also reported striking her knees against the dash during the collision.  There were visible contusions to both knees, and imaging studies revealed a fracture of the right patella.  Huebner subsequently experienced symptoms, including dizziness and right-sided numbness in her face, arm and leg, which resulted in her being diagnosed with a transient ischemic attack.  In the months following this incident, Huebner was seen for both psychological and neuropsychological evaluations.  She was diagnosed with a traumatic brain injury, with providers noting that she had post-traumatic amnesia and post-concussive symptoms including short term memory loss, cognitive deficits, inattention and word-finding difficulties.  Testing confirmed the presence of these issues, with the primary dispute being whether they were the result of a traumatic brain injury, or whether they were associated with depression, adjustment disorder and chronic pain.  Huebner was also diagnosed with post-traumatic stress disorder (PTSD).  Physically speaking, Huebner reported aggravation of existing musculoskeletal issues, including degenerative changes in her neck, back, hips and knees.  Huebner received conservative treatment for these complaints prior to undergoing a laminectomy in her lumbar spine on April 6, 2017, and bilateral hip arthroplasties, with the right hip replacement done on June 16, 2017, and the left hip replacement on September 25, 2017.  Huebner continues to experience neuropathic pain in both feet, heightened anxiety and cognitive fatigue and deficits.  The Department of Labor & Industries covered medical costs and expenses in the amount of $82,848.79.  Ms. Huebner covered an additional $78,763.00 in costs and expenses on her own.

Huebner's injuries rendered her unable to return to work following this incident.  She was terminated by her employer in October of 2014.  The Department of Labor & Industries paid out disability benefits in the amount of $142,978.82.  Ms. Huebner alleging loss of income, lost retirement benefits, lost health benefits and the need to begin drawing upon her retirement years before she had anticipated doing so. In addition, she utilized her life savings to pay a portion of her medical bills. Erick C. West, M.D., of West Economics, prepared a report based on his expert analysis and has estimated a total loss of wages and benefits in the amount of $532,397.00. This loss, alone, far exceeds the available limits.

David Livingstone was insured by Safeco, with coverage in the amount of $250,000.00.  Safeco

tendered policy limits in settlement of Ms. Huebner's claims.  Unfortunately, because Ms. Huebner was required to present her claim through the Department of Labor & Industries, she received only $62,500.00 from the settlement.  Ms. Huebner carried $250,000.00 in uninsured/underinsured motorist coverage with Connect.

On February 3, 2020, counsel for Ms. Huebner submitted a demand for the tender of her policy limits.  As of that date, she had incurred $161,611.79 in medical expenses but she had received only $62,500.00 in compensation for her injuries and damages.  Connect requested copies of pre-accident medical records for Ms. Huebner.  She complied with that request, making those materials accessible to her insurer.  Connect made an offer of settlement in the amount of $50,000.00.  That offered was subsequently increased to $150,000.00.  Counsel for Ms. Huebner forwarded Insurance Fair Conduct Act (IFCA) notices on July 28, 2020, and June 2, 2022, respectively.  When Connect failed to remedy its errors, Ms. Huebner commenced litigation.  An underinsured motorist claim was filed on, or about, May 27, 2022.  Claims for breach of contract, violation of the Consumer Protection Act, common law "bad faith" and violations of the Insurance Fair Conduct Act were filed on, or about, June 29, 2022.  Those actions were subsequently consolidated and removed to federal court.

## CONNECT'S CONDUCT

On a more probable than not basis, pursuant to the applicable insurance policy in effect, the handling of the claim in this case was not carried out in accordance with generally accepted and recognized claims handling and custom in the insurance industry for the processing of similar claims which are enumerated to include, but are not limited to the following:

- Connect failed to adopt and implement reasonable standards for the prompt investigation of claims, violating WAC 284-30-330(3);

- Connect failed to pay the claim without conducting a reasonable investigation, violating WAC 284-30-330(4);

- Connect unreasonably denied the claim for payment of benefits within the meaning of RCW 48.30.015(1).

- Connect failed to effectuate a prompt, fair and equitable settlement of the claim, for which liability was reasonably clear, violating WAC 284-30-330(6);

- Connect failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of Elizabeth Huebner's claim for benefits, violating WAC 284-30-330(13); and,

- Connect compelled its insured to initiate litigation to recover amounts due under the insurance policy by offering substantially less than the amount that will ultimately be

recovered, violating WAC 284-330(7);

In addition, Connect must:

- Provide at least equal consideration to the insured's interests;

- Assist the insured in presenting the claim;

- Adequately and promptly investigate a claim;

- Respond timely to letters and phone calls;

- Adjust the claim (either pay it or deny it) within a reasonably prompt period of time;

- Attempt in good faith to effectuate the prompt, fair and equitable settlement of claims, where liability is reasonably clear;

- Attempt to find a basis to pay the claim rather than find reasons to deny;

- Timely pay all undisputed amounts owed under the policy;

- Disclose all relevant coverages, conditions and restrictions under the policy;

- Provide in writing a detailed reason for denying the claim specifying each contract term or provision upon which it relies.

### FAILURE TO INVESTIGATE

Elizabeth Huebner is alleging a traumatic brain injury with permanent cognitive sequelae, post-traumatic stress disorder (PTSD) with ongoing symptomology, orthopedic injuries requiring three separate surgical interventions and continuing neurological issues.   Notwithstanding the seriousness of these claims, Connect does not appear to have consulted with any medical experts or requested an examination of Ms. Huebner to evaluate her claims.  There is no reference in the claim file or in correspondence with counsel of any medical support for the contention that particular injuries or impairments are unrelated to the March 5, 2014, motor vehicle collision. Additionally, there is no reference to medical support for the contention that any of Ms. Huebner's claimed impairments have resolved. In addition to the lack of medical support for Connect's actions, in cases in which the insured is alleging permanent injuries and limitations, the industry standard is to conduct an interview or an examination under oath of the claimant-this did not occur in this case.  Given  the complex nature of the claims, it's difficult to conclude that they could be evaluated without the assistance of a medical expert or an interview of Ms. Huebner.

## FAILURE TO EXPLAIN

Connect's conduct violates WAC 284-30-330(13) which prohibits failure to provide a reasonable explanation, factually or legally, for the denial of any claim.  Here, Connect has offered no explanation of its valuation.  On May 27, 2020, counsel for Ms. Huebner asked Connect to identify the gross valuation that it was placing on her claims, to include all of the offsets being considered. Counsel further requested that Connect identify the medical special damages that it was accepting and those that it was denying, together with an explanation for each such determination.  Counsel asked Connect to identify and explain the basis, or bases, for its valuation of general damages and to identify any expert medical opinions upon which it was relying.  Finally, counsel asked Connect to identify any information that had not yet been made available to the insurer, but which the insurer deemed necessary to the evaluation of the claim.  No explanation was forthcoming, and on July 28, 2020, counsel for Ms. Huebner filed an Insurance Fair Conduct Act (IFCA) notice because Connect had not only failed to respond to the May 27, 2020, correspondence summarized above, but the February 3, 2020, demand submitted approximately twenty-five (25) weeks earlier.  While Connect ultimately extended offers in the amount of $50,000.00 and $150,000.00, the requirement that those offers be explained was never met.

## UNREASONABLE DENIAL OF BENEFITS

WAC 284-30-330(7) states that it is an unfair claims practice to compel "a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings."  Under Washington law, the term "denial of benefits" contemplates "underpayments" or disputes about the value of the claim, even where the insurer had not denied coverage. See e.g., *Ainsworth v. State Farm Cas. Ins. Co.,* 180 Wn. App 52, 78-80 (2016); *Morella v. Safeco Ins. Co. of Illinois,* No. C12-0672- RSL, 2013 WL, 1562032 at 3 – 4 (W.D. Wash. April 12, 2013).  Here, Connect denied Elizabeth Huebner the benefit of underinsured motorist benefits that she had purchased.  In *Morella*, Judge Lasnik condemned the practice of extending "a lowball offer in the hopes that its insured would accept less than adequate compensation for his damages in order to avoid the delay and expense of litigation" as "exactly the type of unfair act or practice at which WAC 284-30-330(7) is aimed."  Here, Connect extended "new money" offers of $50,000.00 and $150,000.00 during the life of the claim, with little or no explanation regarding the basis, or bases, for its valuation.  As outlined above, Ms. Huebner can "blackboard" upwards of $600,000.00 in damages and Connect has offered no competing valuation questioning or challenging her claims.

## WITHHOLDING PAYMENT OF COVERAGE LIMITS

WAC 284-30-330(6) prohibits failure to effectuate prompt, fair and equitable settlement of claims once liability has become reasonably clear. In the above-entitled action, there is no question regarding liability, and no formal objection has been raised regarding medical causation.  WAC 284-30-330(7) prohibits compelling a first party claimant to initiate litigation in order to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately

recovered in such actions or proceedings.

## FORCING ITS INSURED INTO LITIGATION

Pursuant to WAC 284-30-330(7) it is an "unfair" or "deceptive" act or practice to compel a first party claimant to "initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings." In the case before this court, Connect's failure to explain the basis, or bases, for its valuation of Elizabeth Huebner's claim rendered it necessary for her to either abandon her claims or commence litigation against her own insurer.

## CONCLUSIONS AND OPINIONS

Connect failed to meet reasonable industry standards in the handling of the claims resulting from the March 5, 2014, collision. This includes, but is not limited to, the failure to conduct an appropriate investigation of the claim, ignoring the opinions of Plaintiff's treating providers, refusing to pay a claim when the liability and damages are reasonably clear; compelling litigation by refusing to pay the appropriate amount of UIM/UM benefits or reasonably and honestly explain the reasons why it was withholding them, and placing its financial interests ahead of its insured's financial harm.

In accordance with the facts herein, Connect failed to act in good faith in handling the claims of its insured, Elizabeth Huebner. It is the opinion of the undersigned, that on a more probable than not basis, pursuant to the applicable insurance policy in effect, the handling of this claim was not carried out in accordance with generally accepted and recognized claims handling and custom in the insurance industry for the processing of similar claims.

Thank you.

Very truly yours,

Mary E. Owen

# EXHIBIT B



**ECONOMICS, INC.**
Forensic Economics
Litigation Consulting &
Testifying Economic Experts

April 2, 2023

Mr. Scott Shawver
GLP Attorneys, P.S.
2601 Fourth Avenue, Floor 6
Seattle, WA 98121

Re:  Ms. Elizabeth Huebner

Dear Mr. Shawver:

I have been asked to perform a preliminary analysis and investigation for expert economic opinions pertaining to the lost wages and benefits sustained by Ms. Elizabeth Huebner as a direct result of the injuries that she sustained in a motor vehicle accident on March 5, 2014.

I have calculated damages based on Ms. Huebner's remaining statistical worklife expectancy of 4.9 years from the date of the subject accident (see Section VI).  This results in a projected loss period through January 31, 2019 (age 70.7).

| **Preliminary Opinions and Conclusions[1]** | | |
|---|---|---:|
| Lost Registered Nurse Wages | $ | 459,725 |
| Lost Employer Paid Retirement Benefits | $ | 38,158 |
| Lost Employer Paid Health Benefits | $ | 34,514 |
| **Total Lost Wages & Benefits** *(Exhibit 1)* | **$** | **532,397** |

---

[1] All amounts are stated at present value.  Detailed calculations are attached.

*10220 N. Nevada Street, Suite 110*
*Spokane, Washington 99218*
*email: ewest@econexpert.com*
*website: www.econexpert.com*
*509.747.5850,  Fax 509.747.5859*

Mr. Scott Shawver
Re: Ms. Elizabeth Huebner
4/02/2023
Page 2

## I. Base Level of Registered Nurse Wages

Ms. Huebner was employed as a Visiting Nurse for Group Health Cooperative at the time of the
subject accident.[2]  After working more than 25 years in nursing in California and Oregon, Ms.
Huebner moved to Seattle in 1997 and obtained her Registered Nurse license in Washington State
effective February 26, 1997.  Ms. Huebner indicated that she had been employed for approximately
17 years at Group Health at the time of the subject accident in 2014.

Ms. Huebner's wage rate was set according to the collective bargaining agreement between Group
Health and the SEIU union for registered nurses.  Documentation compiled by the Department of
Labor and Industries provided a breakdown of Ms. Huebner's wages and work hours during the 12-
month period immediately preceding the subject accident.  This data is summarized in the table
below:

| | No. of Hours | Hourly Wage | Gross Wages |
|---|---|---|---|
| | 236.05 | $ 50.52 | $ 11,925 |
| | 1,480.00 | $ 51.42 | $ 76,102 |
| **Annual Totals:** | **1,716.05** | **$ 51.30** | **$ 88,027** |
| **Monthly Average:** | **143.00** | **$ 51.30** | **$ 7,336** |
| **Weekly Average:** | **33.00** | **$ 51.30** | **$ 1,693** |

The records show that, in the 12-month period prior to the accident, Ms. Huebner worked an
average of 33 hours per week at an average hourly rate of $51.30.  This equates to an annualized
wage of **$88,027**, or **$7,336** per month, which has been used to forecast Ms. Huebner's lost wages
effective March 5, 2014.  This wage forecast is consistent with Ms. Huebner's historical wages:



| Ms. Huebner's Historical & Forecasted Wages | | |
|---|---|---|
| $86,938 | $83,860 | $88,027 |
| 2012 | 2013 | 2014-est |

*Sources: W-2 Statements (2012-2013); Total Monthly Wage Summary, 3/13/2014.*

---

[2] Group Health was purchased by Kaiser Permanente following the subject accident.

Mr. Scott Shawver
Re: Ms. Elizabeth Huebner
4/02/2023
Page 3

## II. Wage Growth Rate

In order to determine a reasonable wage growth rate, I have reviewed a 2021 salary scale from the union contract between Kaiser Permanente (bought out Group Health) and SEIU. A comparison of Ms. Huebner's 2014 average hourly wage to the 2021 wage rate for Visiting Nurses is shown below:

|  | Year | Hourly Wage |
|---|---|---|
| Ms. Huebner's Average Hourly Wage: | 2014 | $ 51.30 |
| Visiting Nurse (30+ YOS) - Kaiser/SEIU: | 2021 | $ 63.04 |
| Average Annual Growth Rate (2014-2021): |  | 3.0% |

Beginning January 1, 2015, I have grown Ms. Huebner's wages at **3.0%** per year, which is the annual average growth rate between her 2014 wage rate of $51.30 and the union wage of $63.04 as of 2021.

## III. Employer Paid Retirement Benefits

At the time of the accident, Ms. Huebner was accruing benefits in Group Health's defined benefit plan, which provided a monthly pension benefit upon retirement. At this time, documentation has not been provided to determine the amount of lost pension benefits sustained by Ms. Huebner and/or to account for any changes in the accrual of pension benefits when Kaiser Permanente bought out Group Health on February 1, 2017.

For the purpose of this preliminary analysis, I have estimated the lost employer paid retirement benefits based on the two defined contribution plans identified in the 2019-2023 union contract between Kaiser Permanente and SEIU Healthcare 1199NW. According to paragraph 12.4, Kaiser offers the following two defined contribution plans:

- 403(b) Custodial Plan – with an Employer match of 50% of the first 4.0% that is contributed by the employee.
- Defined Contribution Employee Retirement Plan – with an Employer match equal to 6.3% of the employee's total wages.

As shown on the attached **Exhibit 1**, I have calculated lost employer paid retirement benefits equal to **8.3%** of Ms. Huebner's projected lost wages. This analysis will be updated accordingly as additional information becomes available.

Mr. Scott Shawver
Re: Ms. Elizabeth Huebner
4/02/2023
Page 4

### IV. Employer Paid Health Benefits

Ms. Huebner received employer paid medical and dental benefits while employed as an RN for Group Health.  Documents provided show that the 2014 monthly employer contribution was $623.46, which consisted of $594.48 for medical and $28.98 for dental coverage.[3]

Ms. Huebner's 2014 W-2 statement confirms that she received employer paid coverage through October 31, 2014.[4]  Therefore, I have included lost employer paid health insurance benefits of **$623** per month beginning November 1, 2014.

Beginning January 1, 2015, I have grown the lost health benefits into the future at **3.4%** based on the 5-year historical increase in employee-only health premiums as reported by the Kaiser Family Foundation.

### V. Mitigation Earnings

It is my understanding that Ms. Huebner was unable to return to the workforce after March 5, 2014 as a result of the injuries that she sustained in the subject accident.  Therefore, I have included no mitigation earnings for the entire duration of the estimated loss period.

### VI. Worklife Expectancy

I have estimated Ms. Huebner's statistical worklife expectancy based on tables that were published in the peer-reviewed *Journal of Forensic Economics*.  Statistical worklife expectancies are based on objective data that reflect the total number of years that a person is expected to remain in the labor force.

Based on her age (65.8) and level of education (bachelor's degree) at the time of the subject accident, Ms. Huebner had a remaining statistical worklife expectancy of **4.9** years to age **70.7** (through January 31, 2019).

---

[3] Total Monthly Wage Summary from L&I, 3/13/2014.

[4] Box 12a-DD of the 2014 W-2 shows employer paid medical premiums of $5,944.80.  Based on a contribution of $594.48 per month for medical premiums, this confirms that Ms. Huebner received benefits for 10 months in 2014.

Mr. Scott Shawver
Re: Ms. Elizabeth Huebner
4/02/2023
Page 5

**VII. Data Sources**

- Complaint.
- Federal Form 1040 Tax Returns (2012-2013, 2017) and W-2's (2012-2014).
- L&I Document Summarizing Time Loss Payments, 8/23/2016.
- Documents from Ms. Huebner's L&I File, including a Job Analysis Summary; IME Physician Job Analysis; Job Analysis; Pay Rate Ledger; and a Wage Calculation Sheet, 3/13/2014.
- Collective Bargaining Agreement between Kaiser Permanente and SEIU Healthcare 1199NW, 2019-2023.
- Union Payscale between Kaiser Permanente and SEIU, 2021.
- Kaiser Family Foundation, Employer Health Benefits, 2022 Annual Survey.
- Credential Information for Ms. Huebner from the Washington State Department of Health.
- Skoog, Gary, Ciecka, Jim and Krueger, Kurt, "The Markov Process Model of Labor Force Activity . . .," *Journal of Forensic Economics*, 28(1-2), 2019.
- Federal Reserve Bank of Philadelphia, Survey of Professional Forecasters, 2/10/2023.

**VIII. Ongoing Discovery**

If additional information becomes available through the ongoing discovery process, or from other sources, I reserve the right to update or amend this analysis accordingly. This includes, but is not limited to, pending documentation pertaining to Ms. Huebner's lost pension benefits.

**IX. Expert Qualifications & Fee Arrangement**

Attached to this report are the following items:

- A current copy of my Curriculum Vitae
- A 2023 Fee Schedule
- A Case List identifying cases in which I have testified in the past four years
- I have not published any articles in the previous ten years

Very truly yours,
WEST ECONOMICS, INC.

Erick C. West, M.A.
Enclosures

**EXHIBIT 1**
**ELIZABETH HUEBNER**
**SUMMARY OF LOST WAGES & BENEFITS**

| Date of Birth: | 6/1/1948 |
|---|---|
| Date of Injury: | 3/5/2014 |
| Date of Trial: | 10/2/2023 |

Growth Rate:                                                                  3.4%

| | | (A) | (B) | (C) | (D)<br>(A x C) | (E)<br>(D x .083) | (F) | (G)<br>(A x F) | (H)<br>(D+E+G) |
|---|---|---|---|---|---|---|---|---|---|
| Year | Age | No. of<br>Months | Wage<br>Growth<br>Rate | Monthly<br>Wages | Annual<br>Wages | 8.3%<br>Employer<br>Retirement[1] | Monthly<br>Employer<br>Health | Annual<br>Employer<br>Health[2] | Total<br>Highline<br>Lost Wages |
| 2014 | 66 | 9.8 | | 7,336 | 71,889 | 5,967 | 623 | 1,246 | 79,102 |
| 2015 | 67 | 12 | 3.0% | 7,556 | 90,672 | 7,526 | 644 | 7,728 | 105,926 |
| 2016 | 68 | 12 | 3.0% | 7,783 | 93,396 | 7,752 | 666 | 7,992 | 109,140 |
| 2017 | 69 | 12 | 3.0% | 8,016 | 96,192 | 7,984 | 689 | 8,268 | 112,444 |
| 2018 | 70 | 12 | 3.0% | 8,256 | 99,072 | 8,223 | 712 | 8,544 | 115,839 |
| 2019 | 71 | 1 | 3.0% | 8,504 | 8,504 | 706 | 736 | 736 | 9,946 |
| | | 4.9 | years | | $ 459,725 | $ 38,158 | | $ 34,514 | $ 532,397 |

[1] *For this preliminary analysis, I have estimated the lost retirement benefits based on the two defined contribution plans offered by Kaiser Permanente, which includes a total match of 8.3%.*

[2] *The lost employer paid health benefits begin November 1, 2014 (2 months of loss in 2014).*



**West**

**ECONOMICS, INC.**
Forensic Economics
Litigation Consulting &
Testifying Economic Experts

# Curriculum Vitae
## Erick C. West, M.A.

| | |
|---|---|
| **OCCUPATION:** | President; West Economics, Inc. |
| **AREAS OF SPECIALIZATION:** | Business valuation and appraisal services, forensic economics and quantification of commercial and personal economic loss |
| **EXPERT WITNESS:** | Washington, Idaho & Oregon (Judge and Jury Trials) |
| **EDUCATION:** | Master of Arts, Economics<br>  Washington State University – 2000<br><br>Bachelor of Arts, Economics<br>  Washington State University – 1998 |
| **PROFESSIONAL ASSOCIATIONS:** | American Society of Appraisers (Business Valuation)<br>National Association of Forensic Economics<br>American Academy of Economic and Financial Experts |

**WORK EXPERIENCE:**

| | |
|---|---|
| 2013 – Present | West Economics, Inc., President |
| 2003 – 2012 | Harper Incorporated, Senior Economist |
| 2001 – 2002 | Estate of S.R.D., Trainer/Job Coach |
| 2000 – 2001 | Merrill Lynch, Financial Advisor |

**PROFESSIONAL EDUCATION & TRAINING**

**"Annual Meeting,"** American Academy of Economic and Financial Experts (AAEFE), Las Vegas, NV, April 2010.

**"National Business Valuation Conference,"** American Society of Appraisers, Las Vegas, NV, November 2008.

**"SE100: National Uniform Standards of Professional Appraisal Practice (USPAP),"** and successful completion of the ASA exam, American Society of Appraisers, Las Vegas, NV, June 2007.

**"BV204: Business Valuation Case Study,"** and successful completion of the ASA exam, American Society of Appraisers, Los Angeles, CA, May 2006.

*10220 N. Nevada Street, Suite 110*
*Spokane, Washington 99218*
*email: ewest@econexpert.com*
*website: www.econexpert.com*
*509.747.5850, Fax 509.747.5859*

**"BV203: The Market Approach,"** and successful completion of the ASA exam, American Society of Appraisers, Los Angeles, CA, February 2006.

**"BV202: The Income Approach,"** and successful completion of the ASA exam, American Society of Appraisers, Manhattan Beach, CA, October 2005.

**"BV201: Introduction to Business Valuation,"** and successful completion of the ASA exam, American Society of Appraisers, Manhattan Beach, CA, July 2005.

**"2005 Annual Spring Conference,"** American Rehabilitation Economics Association (AREA), Reno, NV, May 2005.

**SPEAKING ENGAGEMENTS**

**"How to Use Expert Testimony More Effectively in Proving Economic Damages in Personal Injury Cases,"** 2015 Idaho Trial Lawyers Association Fall Seminar, McCall, ID, Oct 2015.

**VALUATION AND LITIGATION EXPERIENCE**

Valuation and economic loss analysis of businesses and individuals including physicians, dentists, attorneys, engineers, optometrists, dermatologists, chiropractors, physical therapists, massage therapists, auto dealerships, stock brokers, veterinarians, logging companies, construction companies, real estate agents, auto and aircraft mechanics, River Park Square, movie theaters, rehabilitation counselors, teachers, pharmaceutical sales reps, welders, electricians, insurance sales, plumbers, military personnel, long-haul truckers, IT specialists, CAD drafters, firemen, police officers, accountants, steelworkers, bank managers, telemarketers, janitors, assemblers, cooks, dietitians, card dealers, farmers and airline employees and many others.

Determination of damages in civil cases involving personal injury, wrongful death, employee discrimination, class actions, legal/accounting malpractice, breach of contract, partnership disputes and business interruption claims.

Business valuations for divorce, business purchases, stock sales, partnership disputes and business loan approval.

Other litigation experience including the present value calculation of Life Care Plans (future medical costs) and valuation of employee pension plans including state, federal, military and union covered employees.



**ECONOMICS, INC.**
Forensic Economics
Litigation Consulting &
Testifying Economic Experts

# 2023 Fee Schedule

*(effective January 1, 2023)*

### Hourly Rates

| | |
|---|---|
| Erick C. West, Principal, M.A. | $ 350 |
| Trial and Deposition Testimony[1] | $ 350 |
| *(2.0 hour minimum charge for depositions)* | |
| Travel Time *(no charge in Spokane County)*[2] | $ 175 |

---

[1] *Prepayment is required for depositions, which is due at least 3 business days prior to the deposition.*

[2] *All out-of-pocket expenses (i.e. airfare, hotel, car rental, fuel, etc.) are billed at cost.*

---

*10220 N. Nevada Street, Suite 110*
*Spokane, Washington 99218*
*email: ewest@econexpert.com*
*website: www.econexpert.com*
*509.747.5850, Fax 509.747.5859*



**ECONOMICS, INC.**
Forensic Economics
Litigation Consulting &
Testifying Economic Experts

# Erick C. West, M.A.
## Expert Witness Testimony in the Previous Four Years

| Date | Testimony | Case Name | Case Number | Court | Location |
|------|-----------|-----------|-------------|-------|----------|
| Mar 2019 | Deposition - Plaintiff | Curtis Hall II v. Bechtel National, Inc. | 4:18-CV-05112 | U.S. District Court | Eastern District of Washington (Spokane) |
| Apr 2019 | Deposition - Defense | R.W. v. Columbia Basin College, Ralph Reagan and Lee Thornton | 4:18-CV-05089 | U.S. District Court | Eastern District of Washington (Richland) |
| May 2019 | Deposition - Plaintiff | Northern Pacific Development, LLC v. John Doe and/or Jane Doe Successor Trustee(s) of the Sidney and Muriel Lantor Revocable Trust Dated December 7, 1994 | 18-2-01787-03 | Superior Court | Benton County, WA |
| Jul 2019 | Trial - Petitioner | Bistline v. Bistline | CV-18-220 | District Court of the State of Idaho | Bonner County, ID |
| Jul 2019 | Deposition - Plaintiff | Gerald A. Bussard v. Fannin Litigation Group, P.S., Patrick K. Fannin, Evan Marken, For Men Family Law, LLC | 18-2-02902-8 | Superior Court | Spokane County, WA |
| Sep 2019 | Deposition - Defense | Robert D. Farvour and Elaine Farvour v. United States of America; and Unknown John Does and John Doe Clinics | 3:18-CV-05386 | U.S. District Court | Western District of Washington (Tacoma) |
| Oct 2019 | Trial - Plaintiff | Joann Waite v. Gonzaga University | 2:17-CV-00416 | U.S. District Court | Eastern District of Washington (Spokane) |
| Dec 2019 | Deposition - Plaintiff | Kelly O'Kell v. Ryan Zinke | 2:18-CV-00279 | U.S. District Court | Eastern District of Washington (Spokane) |
| Jan 2020 | Deposition - Plaintiff | Linda Heinen v. Kohl's Department Stores, Inc. and Holly "Renee" Henson | 18-2-00746-6 | Superior Court | Spokane County, WA |
| Jan 2020 | Deposition - Plaintiff | Michael Helfer v. The Odom Corporation | 18-2-03224-0 | Superior Court | Spokane County, WA |
| Jun 2020 | Deposition - Defense | David Peterson and Deborah Peterson v. The United States of America | 2:19-CV-00312 | U.S. District Court | Western District of Washington (Seattle) |
| Jul 2020 | Deposition - Plaintiff | Cash Kramer v. Qwest Corporation and Ty LeMaster | 19-2-02427-32 | Superior Court | Spokane County, WA |
| Aug 2020 | Deposition - Defense | Buddy Boy Farms, Inc. v. Avista Corporation | 18-2-04880-32 | Superior Court | Spokane County, WA |
| Sep 2020 | Deposition - Plaintiff | Walter Family Grain Growers, Inc. v. Foremost Pump & Well Services, LLC; and Inland Power & Light Co. | 17-2-00019-2 | Superior Court | Lincoln County, WA |

*10220 N. Nevada Street, Suite 110*
*Spokane, Washington 99218*
*email: ewest@econexpert.com*
*website: www.econexpert.com*
*509.747.5850, Fax 509.747.5859*

| Date | Testimony | Case Name | Case Number | Court | Location |
|------|-----------|-----------|-------------|-------|----------|
| Jan 2021 | Deposition - Defense | Jane Doe, for herself and on behalf of her minor daughter, S.M. v. State of Idaho, Department of Health and Welfare; Gail Wadsworth; Jan Taylor; Randi Korell; John Does I-X; and Corporate Does I-V | CV23-18-0809 | District Court of the State of Idaho | Gem County, ID |
| Feb 2021 | Deposition - Plaintiff | Caleb Gutting v. Sea Con, LLC | 2:20-CV-00381 | U.S. District Court | Western District of Washington (Tacoma) |
| Feb 2021 | Deposition - Plaintiff | Maria McSwain v. World Fuel Services Corporation | 1:20-CV-21203 | U.S. District Court | Southern District of Florida |
| Feb 2021 | Deposition - Defense | Darby Kruger and Terri Kruger v. The United States of America, acting through the United States Postal Service | 3:20-CV-5036 | U.S. District Court | Western District of Washington (Tacoma) |
| Feb 2021 | Deposition - Plaintiff | Russell Jones and Reina Jones v. Grant County Hospital District No. 1 d/b/a Samaritan Hospital | 2:19-CV-00264 | U.S. District Court | Eastern District of Washington (Spokane) |
| Mar 2021 | Trial - Respondent | Rodriguez v. Rodriguez | 17-3-00097-5 | Superior Court | Stevens County, WA |
| Apr 2021 | Trial - Plaintiff | Scott Kingston v. International Business Machines Corporation | 2:19-CV-01488 | U.S. District Court | Western District of Washington (Seattle) |
| Jun 2021 | Deposition - Plaintiff | Tri-City Railroad Company, LLC v. Preferred Freezer Services of Richland, LLC | 2:19-CV-00045 | U.S. District Court | Eastern District of Washington (Spokane) |
| Aug 2021 | Deposition - Plaintiff | Douglas Kuykendall v. Les Schwab Tire Centers of Washington, Inc. | 2:20-CV-00154 | U.S. District Court | Eastern District of Washington (Spokane) |
| Sep 2021 | Deposition - Plaintiff | Aaron Michael Harris v. Comcast Cable Communications Management; Jena Lynn Owens; Stephanie Wideman | 1160024046 | Arbitration | Spokane County, WA |
| Nov 2021 | Deposition - Plaintiff | Valerie Sampson and David Raymond v. Knight Transportation, Inc., Knight Refrigerated, LLC, and Knight Port Services, LLC | 2:17-CV-00028 | U.S. District Court | Western District of Washington (Tacoma) |
| Dec 2021 | Deposition - Plaintiff | Inland Anesthesia Service, PLLC v. Schillar Anesthesia Services, Inc.; Lynch Anesthesia, PLLC and Apollo Med Anesthesia, PLLC | CV09-20-1303 | District Court of the State of Idaho | Bonner County, ID |
| Dec 2021 | Deposition - Plaintiff | Bruce Goodell v. Columbia County Public Transportation; Columbia County Transportation Authority; and David Ocampo | 2:20-CV-00226 | U.S. District Court | Eastern District of Washington (Spokane) |
| Jan 2022 | Deposition - Plaintiff | Mark R. Hoffman v. Providence Health & Services-Washington | 20201749-32 | Superior Court | Spokane County, WA |
| Jan 2022 | Deposition - Plaintiff | Alan D. Robertson v. Lorne A. Dorn and Kim Dorn | 2:21-CV-00064 | U.S. District Court | Eastern District of Washington (Spokane) |
| Jan 2022 | Deposition - Plaintiff | Estate of Mark Paxton v. Bryan Huter, M.D., Providence Sacred Heart Medical Center, Providence Health & Services, Providence Health & Services - Washington, and Kaiser Foundation Healthplan of Washington | 19-2-02599-32 | Superior Court | Spokane County, WA |

| Date | Testimony | Case Name | Case Number | Court | Location |
|------|-----------|-----------|-------------|-------|----------|
| Feb 2022 | Trial - Plaintiff | Kelly O'Kell v. Ryan Zinke | 2:18-CV-00279 | U.S. District Court | Eastern District of Washington (Spokane) |
| Feb 2022 | Deposition - Plaintiff | Andrew M. Richmond v. Spokane County, Washington | 2:21-CV-00129 | U.S. District Court | Eastern District of Washington (Spokane) |
| May 2022 | Deposition - Plaintiff | Ronald Shields v. Transamerica Premier Life Insurance Company; National Rifle Association of America; and AGIA, Inc. | 2:20-CV-00438 | U.S. District Court | Eastern District of Washington (Spokane) |
| Jun 2022 | Trial - Defense | Estate of Duane Dlouhy v. Kootenai Hospital District, Kootenai Clinic, LLC, Jeffrey M. Zurosky, M.D., Henry G. Amon, M.D., Robert C. Seeley, M.D., Western Medical Associates and Nicole S. Burbank, M.D. | CV-17-4052 | District Court of the State of Idaho | Kootenai County, ID |
| Jun 2022 | Deposition - Plaintiff | Edward Cancilla v. National Technology and Engineering Solutions of Sandia, LLC | 1:21-CV-00766 | U.S. District Court | District of New Mexico |
| Jun 2022 | Deposition - Plaintiff | William D. Pickett, as Guardian Ad Litem for litigation purposes for E.T. v. Sergeant Boyer and Yakima County | 19-2-02811-03 | Superior Court | Benton County, WA |
| Aug 2022 | Trial - Defense | R.W. v. Columbia Basin College, Ralph Reagan, and Lee Thornton | 4:18-CV-05089 | U.S. District Court | Eastern District of Washington (Richland) |
| Aug 2022 | Deposition - Plaintiff | Anjali Kumar v. Virginia Mason Medical Center | 21-2-03350-1 | Superior Court | King County, WA |
| Sep 2022 | Deposition - Petitioner | Marcia L. Eckert v. Patrick Martin Eakman | 21-4-04503-4 | Superior Court | King County, WA |
| Oct 2022 | Deposition - Plaintiff | Mary Ellen Smith v. Spokane Transit Authority | 21-2-00471-32 | Superior Court | Spokane County, WA |
| Nov 2022 | Trial - Defense | Steven Gnassi v. Kenneth J. Braithwaite, Secretary of the Navy | 3:20-CV-06095 | U.S. District Court | Western District of Washington (Seattle) |
| Dec 2022 | Deposition - Plaintiff | Charles Hause v. Spokane County | 21-2-03239-32 | Superior Court | Spokane County, WA |
| Dec 2022 | Deposition - Defense | Trio M. Ray v. Carlos Del Toro, Secretary of the Navy | 3:21-CV-05048 | U.S. District Court | Western District of Washington (Tacoma) |
| Dec 2022 | Arbitration - Plaintiff | Anjali Kumar v. Virginia Mason Medical Center | 21-2-03350-1 | Superior Court | King County, WA |
| Dec 2022 | Trial - Plaintiff | Mary Ellen Smith v. Spokane Transit Authority | 21-2-00471-32 | Superior Court | Spokane County, WA |
| Jan 2023 | Trial - Plaintiff | Marcia L. Eckert v. Patrick Martin Eakman | 21-4-04503-4 | Superior Court | King County, WA |
| Feb 2023 | Arbitration - Defense | Lagreta Arnold v. Weslee Johnson and Jackie Johnson | CV-01-19-07902 | District Court of the State of Idaho | Ada County, ID |
| Mar 2023 | Trial - Plaintiff | Reginald Blair, Crystal Bean and Peter Sharp v. Soap Lake Spa and Sherry Xiao | 2:19-CV-00083 | U.S. District Court | Eastern District of Washington (Spokane) |